# Exhibit C

# Exhibit C-1

Filed: 1/9/2020 4:26 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 39833351
By: Ann Vaughn
1/10/2020 9:22 AM

20-CV-0038

**Cause NO. _____**

| | | |
|---|---|---|
| **MARY BERNARDY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| | § | Galveston County - 122nd District Court |
| **SHRINER'S HOSPITAL FOR** | § | |
| **CHILDREN, INC.,** | § | **_____ JUDICIAL DISTRICT** |
| **Defendant.** | § | |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

## 1. <u>INTRODUCTION</u>

1.1.    Plaintiff demands a JURY TRIAL in this case under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§21.001 *et. seq.* which prohibits discrimination based on disability and age. Plaintiff alleges Defendant SHRINER'S HOSPITAL FOR CHILDREN, INC. violated the Texas Labor Code when it took adverse personnel actions against Plaintiff and terminated her employment.

1.2    COMES NOW, MARY BERNARDY, (hereinafter referred to as "Plaintiff") complaining of and against SHRINER'S HOSPITAL FOR CHILDREN, INC. (hereinafter referred to as "SHRINER'S" or "Defendant") and for cause of action respectfully shows the court the following:

## 2. <u>DISCOVERY CONTROL PLAN</u>

2.1    This suit is brought pursuant to Rule 190.3 of the Texas Rules of Civil Procedure and is to be administered under Level 2.

## 3.  PARTIES

3.1.    Plaintiff is an individual residing in Bayou Vista, Galveston County, Texas.

3.2    Defendant SHRINER'S HOSPITAL FOR CHILDREN, INC. is an employer qualified to

do business in Texas and employs more than 50 regular employees. Defendant can be

served by serving its registered agent CT Corporation System, 1021 Main Street, Suite

1150 Houston, TX 77002.

## 4.  VENUE

4.1.    Venue of this proceeding is proper in Galveston County, Texas pursuant to Texas Civil

Practice & Remedies Code § 15.002 because Galveston County is the county in which all

or part of the cause of action accrued.

## 5.  FACTS

5.1    Plaintiff began working for Defendant as a staff Registered Nurse (RN) on November 26,

2001.

5.2    Plaintiff worked in the tub room for Defendant. Plaintiff was responsible for bathing,

debridement and removing staples from Defendant's patients.

5.3    On November 8, 2017, Plaintiff had surgery on her right foot. A bone spur was removed

from Plaintiff's foot. Plaintiff went back to work on December 6, 2017.

5.4    On December 6, 2017, Victoria Jackson, Plaintiff's supervisor, requested a meeting with

Plaintiff. In this meeting Ms. Jackson accused Plaintiff of "bullying" a co-worker and

being "harsh" in the tub room. This was very shocking and surprising to Plaintiff because

she had just been off work for almost a month. Plaintiff was also embarrassed because a

fellow co-worker, Gordon Barcomb, was present at this meeting as well. The accusations

APP 008

about Plaintiff "bullying" and "being harsh" are false. Plaintiff feels as though Ms. Jackson was trying to use this situation as pretext to terminate her.

5.5   When Plaintiff returned to work, she had to wear a special boot for her foot. Plaintiff's foot condition and surgery limited her ability to walk however she was able to perform all the essential functions of her job.   She wore the special boot on her foot for approximately three (3) months.

5.6   Ms. Jackson never had a problem with Plaintiff's work performance before her surgery. After Plaintiff returned to work wearing her boot, Ms. Jackson started to say different negative comments to her. For example, on one occasion, Ms. Jackson said to Plaintiff that there were job openings in the clinic.   At this point, Plaintiff had worked in the tub room for over 8 years.

5.7   Plaintiff asked Ms. Jackson if she was trying to get her out of the tub room and Ms. Jackson said she was not trying to get Plaintiff out of the tub room; but Ms. Jackson commented to Plaintiff that Plaintiff's foot hurts and that Plaintiff was tired. Plaintiff never complained to Ms. Jackson about her foot hurting or about being tired.

5.8   Plaintiff was wrongfully terminated on June 26, 2018; after nearly 17 years of working for Defendant. Defendant did not follow its progressive disciplinary plan when terminating Plaintiff.

5.9   Upon information and belief, Plaintiff was replaced by an individual outside of her protected class (age and disability).

## 6.   CAUSES OF ACTION

### *Disability/Perceived Disability Discrimination and Failure to Reasonably Accommodate*

6.1   Plaintiff hereby incorporates and re-alleges each and every paragraph of the facts.

---

**3** | P l a i n t i f f ' s   O r i g i n a l   P e t i t i o n

6.2     Plaintiff was a member of a protected class as a qualified employee with a disability/perceived disability.

6.3     Plaintiff suffered from a disability/perceived disability but was still performing the essential functions of her job.

6.4     Plaintiff suffered an adverse action when she was terminated after Defendant learned of her disability or perceived her as a disabled employee.

6.5     Defendant failed to engage in the interactive process and failed to reasonably accommodate Plaintiff's disability.

6.6     Plaintiff alleges Defendant violated the TCHRA when Defendant took adverse action against Plaintiff (terminating her employment) based on her disability/perceived disability and failed to reasonably accommodate her disability.

### *Age Discrimination*

6.7     Plaintiff hereby incorporates and re-alleges each and every paragraph of the facts.

6.8     Plaintiff was a member of a protected class based on age as she was over forty (40) at the time of her termination (63 years old at time of termination).

6.9     Plaintiff was qualified for her position at the time of her termination.

6.10    Plaintiff was replaced by a substantially younger individual outside of her protected class.

6.11    Plaintiff alleges Defendant violated the TCHRA when Defendant took adverse action against Plaintiff (terminating her employment) based on her age.

### 7.   TIMELINESS & ADMINISTRATIVE CONDITIONS PRECEDENT

7.1     Plaintiff brought this suit within 2 years of the date of the alleged violation.

7.2     Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action.

7.3     Plaintiff has completed all administrative conditions precedent since Plaintiff filed her charge of discrimination within 180 days of the she learned of the adverse employment action.

## 8.  NO FEDERAL CLAIMS

8.1.    Plaintiff does not assert any federal claims in this proceeding.  Additionally, Plaintiff is in no way seeking damages or remedies that may stem from a federal cause of action.

## 9.  DAMAGES

9.1.    As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 10. CLAIM FOR RELIEF

10.1.   Plaintiff seeks monetary relief more than $100,000 but less than $200,000.00 as set forth in Rule 47(c)(4) of the Texas Rules of Civil Procedure, plus non-monetary relief in the form of a declaratory judgment action. Damages are in excess of the minimum jurisdictional limits of this court.

## 11. JURY DEMAND

11.1.   Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Galveston County, Texas the jury fee of forty ($40.00) dollars.

## 12. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

12.1   Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

12.2   Judgment against Defendant for back pay lost by Plaintiff as alleged herein;

12.3   Judgment against Defendant for front pay by Plaintiff as alleged herein;

12.4   Grant Plaintiff general damages for the damage to Plaintiff's reputation;

12.5   Pre-judgment interest at the highest legal rate;

12.6   Post-judgment interest at the highest legal rate until paid;

12.7   Punitive damages;

12.8   Damages for mental pain and mental anguish;

12.9   Exemplary damages;

12.10  Attorney's fees

12.11  All costs of court expended herein;

12.12  Such other and further relief, at law or in equity, general or special to which Plaintiff may show herself to be justly entitled.

APP 012

Respectfully Submitted,

*/s/ Jacques P. Leeds*

Jacques P. Leeds
Texas State Bar ID 24092678
jacques@jleedslawfirm.com
LEEDS LAW FIRM, PLLC
700 Milam, Suite 1300
Houston, Texas 77002
(713) 492-2906 (Office)
(832) 713-3065 (Cell)
(832) 787-1020 (Facsimile)
ATTORNEY FOR PLAINTIFF

# Exhibit C-2

**CITATION BY CERTIFIED MAIL** (TRC 106)

**THE STATE OF TEXAS**

Cause No: 20-CV-0038

122nd District Court of Galveston County

MARY BERNARDY VS. SHRINER'S HOSPITAL FOR CHILDREN, INC.

TO: **Shriner's Hospital for Children, Inc.,** Registered Agent, CT Corporation System,  1999 Bryan St., Suite 900,  Dallas, TX  75201

Defendant Greetings:

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **122nd District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **9th day of January, 2020** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **2nd day of April, 2020.**

Issued at the request of
Jacques P. Leeds
Leeds Law Firm, PLLC
700 Milam, Suite 1300
Houston, TX 77002



**John D. Kinard,** District Clerk
Galveston County, Texas

By:

Shailja Dixit, Deputy

**SEE ATTACHED FORM**   *NOTE: Status Conference set: 06/04/2020*

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **4/2/2020** at ___**3:00**___ o'clock **P. M.** and executed on the _____ day of _____, 20_____, at

_____ o'clock ___. M., by mailing the same to Shriner's Hospital for Children, Inc., Defendant by **registered, certified mail with delivery**

**Restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached thereto.
                                        **JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY: _____, Deputy Clerk

| Service Fee: $ | |
|---|---|
| **Certified Tracking Mail**<br><br>**No.9414 7266 9904 2156 8050 91** | **Place sticker here** |
| **Signed for on** | **Signed By:** |

**This form has been revised due to the data provided on the OCA Civil Case Information Sheet that is required to be filed with every new suit. The OCA Civil Case Information Sheet is available on our website.**

## The District Courts of Galveston County, Texas Status Conference Notice

### Please calendar this event

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 06/04/2020 set in the 122nd District Court

| Case Number: | 20-CV-0038 |
|---|---|
| **Case Style:  Mary Bernardy vs. Shriner's Hospital for Children, Inc.** | |

*Helpful Information: Please visit our website at* http://www.galvestoncountytx.gov/dc

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*E Juror- online juror registration*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*

*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

# Exhibit C-3

JOHN D. KINARD
CLERK DISTRICT COURT
FILED

MAY 0 8 2020
11:16a am

GALVESTON COUNTY, TEXAS

BY_____ DEPUTY

## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 20-CV-0038
122nd District Court of Galveston County

MARY BERNARDY VS. SHRINER'S HOSPITAL FOR CHILDREN, INC.

TO: **Shriner's Hospital for Children, Inc.**, Registered Agent, CT Corporation System,  1999 Bryan St., Suite 900,  Dallas, TX  75201

Defendant Greetings:

| |
|---|
| NOTICE TO DEFENDANT:  **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."**  TRCP. 99 |

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **122nd District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **9th day of January, 2020** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **2nd day of April, 2020.**

Issued at the request of
Jacques P. Leeds
Leeds Law Firm, PLLC
700 Milam, Suite 1300
Houston, TX 77002

**John D. Kinard**, District Clerk
Galveston County, Texas

By: _Shailja Dixit_

Shailja Dixit, Deputy

**SEE ATTACHED FORM**   *NOTE: Status Conference set: 06/04/2020*

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _4/2/2020_ at ___3:00__ o'clock P. M. and executed on the _23rd_ day of _April_, 20_20_, at

_____ o'clock ___. M., by mailing the same to Shriner's Hospital for Children, Inc., Defendant by **registered, certified mail with delivery**

**Restricted to addressee only, return receipt requested**, a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY:   _Robin Bernardo_ , Deputy Clerk

| | |
|---|---|
| **Service Fee: $** | |
| **Certified Tracking Mail**<br><br>No.9414 7266 9904 2156 8050 91 | Place sticker here    **Certified Article Number**<br><br>9414 7266 9904 2156 8050 91<br><br>**SENDER'S RECORD** |
| **Signed for on** 4/23/2020 | Signed By: _Antoinette Williams_ |

20 – CV – 0038
DCCICMR
Citation by Certified Mail and Return
2027098

APP 016



| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| | A. Signature |
| | X ☐ Agent ☐ Addressee |
| 9590 9266 9904 2156 8050 94 | B. Received by (Printed Name) C. Date of Delivery |
| | Antoinette Williams APR 2 3 2020 |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes |
| | If YES, enter delivery address below: ☐ No |
| Shriner's Hospital for Children, Inc. | |
| Registered Agent, CT Corporation System | Reference Information |
| 1999 Bryan St., Suite 900 | 3. Service Type |
| Dallas, TX 75201 | ☒ Certified Mail 20-CV-0038- 122nd CRT |
| | ☒ Certified Mail Restricted Delivery |
| | Reference Information |
| | Shatja Dixit |
| 2. Certified Mail (Form 3800) Article Number | |
| 9414 7266 9904 2156 8050 91 | |
| PS Form 3811, Facsimile, July 2015 | Domestic Return Receipt |

**USPS TRACKING #**

9590 9266 9904 2156 8050 94

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service** ● Sender: Please print your name, address and ZIP+4® below ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900

FILED
MAY - 8 AM 11:16

# Exhibit C-4

Filed: 5/12/2020 4:42 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 42927866
By: Rolande Kain
5/12/2020 4:54 PM

CAUSE NO. 20-CV-0038

| | | |
|---|---|---|
| MARY BERNARDY, | ) | IN THE DISTRICT COURT OF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | GALVESTON COUNTY, TEXAS |
| | ) | |
| SHRINERS HOSPITAL FOR CHILDREN, INC., | ) | |
| | ) | |
| | ) | 122ND JUDICIAL DISTRICT |
| Defendant. | ) | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Shriners Hospital for Children, Inc. submits this Original Answer and Defenses to Plaintiff Mary Bernardy's Original Petition and state as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Shriners Hospital generally denies every allegation contained in Bernardy's Petition and requests that the Court demand strict proof of all charges, claims and allegations made by Bernardy by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas. Shriners Hospital further denies that Bernardy is entitled to any of the damages Bernardy seeks. Shriners Hospital respectfully requests that it be allowed to plead further and additional defenses in this cause as the facts surrounding this matter are developed.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing General Denial, Shriners Hospital states the following affirmative and additional defenses to Bernardy's Petition as follows, but do not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted. Shriners Hospital further reserves the right to assert other affirmative and

additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE

Some or all of the purported claims in the Petition fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Shriners Hospital alternatively pleads that Bernardy has failed to exhaust administrative remedies.

### THIRD DEFENSE

Shriners Hospital alternatively pleads that Bernardy's claims are barred, in whole or in part, by the applicable statute of limitations, and procedural prerequisites.

### FOURTH DEFENSE

Shriners Hospital alternatively pleads that any claims brought pursuant to the TCHRA which were not included in Bernardy's Charge of Discrimination dually-filed with the EEOC and the TWC, and/or investigated by the EEOC and/or THRC, are barred because of failure to satisfy statutory prerequisites or because of a lack of subject matter jurisdiction.

### FIFTH DEFENSE

Shriners Hospital alternatively pleads that at all relevant times, Bernardy was an at-will employee, as that term is defined under the common law of Texas, and Bernardy could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

### SIXTH DEFENSE

Shriners Hospital alternatively pleads that some or all of the purported claims and/or relief sought in the Petition are barred because Shriners Hospital's actions with respect to Bernardy were

APP 019

based solely upon legitimate, non-discriminatory and non-retaliatory reasons and unrelated to any alleged protected status or protected activity by Bernardy.  However, even if Bernardy is able to prove that the challenged actions and decisions were motivated, in part, by unlawful retaliatory or discriminatory intent, such claims would still fail because the same actions would have been taken and the same decisions would have been made irrespective of the alleged unlawful motive or intent.

## SEVENTH DEFENSE

Shriners Hospital alternatively pleads that some or all of Bernardy's purported claims and/or relief sought in the Petition are barred because Shriners Hospital maintained, disseminated and enforced a clear policy against discrimination, harassment and retaliation establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, harassing or retaliatory and because Shriners Hospital acted in accordance with this policy at all times.

## EIGHTH DEFENSE

Shriners Hospital alternatively pleads that it exercised reasonable care to prevent and promptly correct any alleged unlawful behavior by establishing, communicating and enforcing policies prohibiting harassment, discrimination and retaliation and Bernardy unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid any alleged harm.

## NINTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy failed to give Shriners Hospital adequate notice of the alleged harassing, discriminatory or retaliatory treatment she claims to have experienced, and to the extent any such notice was given, Shriners Hospital took prompt remedial action after becoming aware of Bernardy's allegations of such treatment.

## TENTH DEFENSE

Shriners Hospital alternatively pleads, without waiver of Bernardy's burden to prove that the adverse employment actions of which she claims were motivated by an impermissible factor, assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice, that Shriners Hospital would have taken the same action regardless of Bernardy's alleged protected status.

## ELEVENTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy cannot establish a causal link between any alleged protected activity and any alleged adverse employment action.

## TWELFTH DEFENSE

Shriners Hospital alternatively pleads that all actions taken with respect to Bernardy were taken in good faith.

## THIRTEENTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy did not have and does not have a physical or mental impairment, a record of a physical or mental impairment, nor was she regarded has having a physical or mental impairment which substantially limited a major life activity during the time in which the events complained of in this lawsuit occurred.

## FIFTEENTH DEFENSE

Shriners Hospital alternatively pleads that, even if Bernardy did have a disability, Bernardy

4

was not otherwise qualified to perform the essential functions of her employment.

## SIXTEENTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy did not seek a reasonable accommodation for the alleged limitations caused by her alleged disability.

## SEVENTEENTH DEFENSE

Shriners Hospital alternatively pleads that any accommodation sought by Bernardy would have constituted an undue hardship on Shriners Hospital.

## EIGHTEENTH DEFENSE

Shriners Hospital alternatively pleads that its actions with respect to Bernardy were consistent with business necessity.

## NINETEENTH DEFENSE

Shriners Hospital alternatively pleads that to the extent that any of its employees engaged in any of the conduct described in the Complaint, such actions were outside the course and scope of their employment, were contrary to the policies and directives of Shriners Hospital, and were not done in furtherance of Shriners Hospital's business interests

## TWENTIETH DEFENSE

Shriners Hospital alternatively pleads that some or all of the purported claims and/or relief sought in the Petition are barred because Shriners Hospital's actions were in good faith and were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Bernardy.

## TWENTY-FIRST DEFENSE

Shriners Hospital alternatively pleads that Bernardy's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations, including, but not limited to, the specific limitations on damages contained in Chapter 41 of the

Texas Civil Practice and Remedies Code, and all other similar limitations.

TWENTY-SECOND DEFENSE

Shriners Hospital alternatively pleads that Bernardy's claims for monetary relief and damages are barred to the extent that she has failed to mitigate her alleged damages.

TWENTY-THIRD DEFENSE

Shriners Hospital alternatively pleads that the relief sought by Bernardy may be barred in whole or in part because of after-acquired evidence.

TWENTY-FOURTH DEFENSE

Shriners Hospital alternatively pleads that it is entitled to an offset against Bernardy's claim for damages in the amount(s) which she received or earned, could have received or earned through reasonable efforts, did or could have obtained through unemployment compensation, and any amount(s) paid to Bernardy by Shriners Hospital.

TWENTY-FIFTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy cannot recover lost wages and employee benefits or damages for loss of future earning capacity, if any, for any period of time when she is or was physically unable to work.

TWENTY-SIXTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or other equitable defenses.

TWENTY-SEVENTH DEFENSE

Shriners Hospital alternatively pleads that Bernardy is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award under applicable law.  In any event, any award of punitive damages is subject to all statutory, common law and constitutional principles and limitations.

6

<u>TWENTY-EIGHTH DEFENSE</u>

Shriners Hospital alternatively pleads that Bernardy's claims are barred, in whole or in part, by Bernardy's own acts or omissions.

Shriners Hospital reserves the right to assert any additional affirmative defenses as established by the facts of the case.

WHEREFORE, having responded to the specific allegations contained in the Petition and having stated its affirmative and additional defenses, Shriners Hospital respectfully pray as follows:

(1)     that the Court render judgment for Shriners Hospital and against Bernardy;

(2)     that the Court dismiss the Petition in its entirety with prejudice;

(3)     that the Court assess costs and attorneys' fees against Bernardy; and

(4)     that the Court award Shriners Hospital such other and further relief as it deems just and appropriate.

Respectfully submitted,

Dated: May 12, 2020

*/s/ Kerry E. Notestine*
Kerry E. Notestine, Texas Bar No. 15116950
KNotestine@littler.com
Kelcy L. Palmer, Texas Bar No. 24088099
KPalmer@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
Ph.:  (713) 951-9400
Fax: (713) 951-9212

ATTORNEYS FOR DEFENDANT SHRINERS
HOSPITAL FOR CHILDREN, INC.

7

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of the foregoing DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION was served on the following, *via electronic filing* on this 12th day of May, 2020 as follows:

Jacques P. Leeds
LEEDS LAW FIRM, PLLC
700 Milam, Suite 1300
Houston, Texas  77002
jacques@jleedslawfirm.com

ATTORNEY FOR PLAINTIFF


*/s/ Kelcy L. Palmer*          
Kelcy L. Palmer

APP 025