United States District Court
Southern District of Texas
**ENTERED**
May 26, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:20-cv-165

MARY BERNARDY, *PLAINTIFF*,

v.

SHRINERS HOSPITAL FOR CHILDREN, INC., *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

On November 29, 2021, the court granted summary judgment and issued a final judgment in the defendant's favor. Dkts. 24–25. On December 13, 2021, the defendant filed its proposed bill of costs and memorandum in support, Dkts. 26–27, seeking a total of $5,160.55 in fees: $400 (fees of the Clerk of the Court); $4,085.35 (transcripts); and $675.20 (other costs). Dkt. 26 at 1. The plaintiff has objected to the bill of costs. Dkt. 28. For the reasons below, the court overrules in part and sustains in part Bernardy's objections and awards Shriners costs.

### I. Taxation-of-Costs Standard

Federal Rule of Civil Procedure 54 provides that "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). As defined by statute, recoverable "costs" are limited to:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)).

A district court has wide discretion when determining whether the prevailing party is entitled to an award of costs. *Edwards v. 4 JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020). But there is a "strong presumption" that

the prevailing party is entitled to costs, and the Fifth Circuit has described the "denial of costs as 'in the nature of a penalty.'" *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)).

## II.   Analysis

Bernardy objects to Shriners' bill of costs (with the sole exception of the clerk's fee) and alternatively proposes that the court disallow certain fees found in the invoices. Dkt. 28. The court first considers the costs for deposition transcripts, including the video recording of Bernardy's deposition, and then the fees to subpoena third parties for Bernardy's TWC, SSA, IRS, and medical records.

### A. Deposition Costs
#### 1.  Bernardy's Deposition Transcript

The invoice for Bernardy's deposition lists the following charges:

| Description | Amount |
|---|---|
| Original with 1 Certified Transcript | $1,052.25 |
| Attendance (First Hour) | $150.00 |
| Attendance (Add'l Hours) | $125.00 |
| Veritext Virtual Primary Participants | $295.00 |
| Realtime Services - Remote | $356.85 |
| Litigation Package-Secure File Suit | $46.00 |
| Administration Fee | $62.00 |
| Exhibits – Scanned/Searchable/OCR | $63.25 |
| Veritext Exhibit Package (ACE) | $45.00 |
| Exhibit Share | $345.00 |
| Electronic Delivery and Handling | $25.00 |
| **Total** | $2,565.35 |

Dkt. 27-1 at 5. "[F]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Bernardy argues that Shriners has not shown that all or any part of the deposition at issue was necessary for the case, Dkt. 28 at 3, but this is an unconvincing line of reasoning for an employment-discrimination suit where only one deposition was taken—of the aggrieved plaintiff herself.

Bernardy next attacks individual items from the list that are not authorized by statute: "Exhibits – Scanned/Searchable/OCR," and "Electronic Delivery and Handling." *Id.* at 4. Bernardy also questions the propriety of including other costs,[1] *id.* at 6, without a showing that these costs associated with obtaining transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The court agrees on both points.

The Fifth Circuit has been clear that "incidental" charges such as for "shipping, tabbing, binding, and other such costs" are not taxable "as these costs are not listed in § 1920." *Long*, 807 F.3d at 133. The same cannot be said of OCR, as the Fifth Circuit has affirmed a district court's taxing of OCR fees when they were "necessarily incurred." *Id.* at 132. However, Shriners has not shown that such fees were necessarily incurred; without such a showing

---

[1] "Attendance (First Hour), Attendance (Add'l Hours), Veritext Virtual Primary Participants, Realtime Services Remote, Litigation Package – Secure File Suit, Administration Fee, Veritext Exhibit Package (ACE), and Exhibit Share."

the court considers OCR fees as merely for the convenience for the attorneys involved. *See, e.g., Roehrs v. Conesys, Inc.*, No. 305-CV829-M, 2008 WL 755187, at *3 (N.D. Tex. Mar. 21, 2008) (rejecting argument that scanned digital versions of paper documents were necessary to the case because they were "merely more convenient for counsel to search and examine").[2]

The same holds true for almost all the remaining items in which Bernardy takes issue. While the court can clearly identify the necessity of "Attendance (First Hour)" and "Attendance (Add'l Hours)," in that it identifies the court reporter's hours worked, it cannot so quickly adjudge the necessity of the remaining items: Veritext Virtual Primary Participants, Realtime Services Remote, Litigation Package – Secure File Suit, Veritext Exhibit Package (ACE), and Exhibit Share. Some fees, such as the Administration Fee, are simply not authorized by statute. The remainder might well be authorized as necessary, but Shriners' largely boilerplate memorandum in support of its bill of costs, as well the attached affidavit, make no such showing. The court overrules in part and sustains in part

---

[2] *Conoco, Inc. v. Energy & Env't Int'l, L.C.*, No. H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006) (disallowing cost of scanned images); *Harris Corp. v. Sanyo N. Am. Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (declining to award incidental costs for ASCII disks because searchable deposition testimony was used merely for the convenience of counsel).

Bernardy's objections, awarding Shriners the invoice's first three listed fees for a total of $1,327.25.

### 2. Bernardy's Deposition Video Recording

The invoice for video-recording Bernardy's deposition lists the following charges:

| Description | Amount |
|---|---|
| Video – Initial Services | $285.00 |
| Video – Additional Hours | $475.00 |
| Video - Exhibits - Linked (LEF, PTZ, XMEF, SBF) | $150.00 |
| Video - Media and Cloud Services | $60.00 |
| Video - Electronic Access | $50.00 |
| Video - Digitizing & Transcript Synchronization | $500.00 |
| **Total** | $1,520.00 |

Dkt. 27-1 at 7.

Bernardy objects to Shriners' attempt to recover for both the costs of the transcripts and the videographer ($1,520.00), as "[c]ourts within the Fifth Circuit, 'generally refuse to award costs for both deposition transcripts and video recordings as they are duplicative." Dkt. 28 at 8–9 (quoting *Richards v. Lufkin Indus. LLC*, No. 9:14-CV-00136-RC, 2019 WL 6682079, at *5 (E.D. Tex. Mar. 26, 2019)).

Shriners responds with the more favorable case law, identifying that courts now recognize that "videography costs are now recoverable in this circuit if they are 'necessarily obtained for use in the case.'" *Greene v. FMC Techs., Inc.*, No. 4:13-CV-02375, Dkt. No. 37 at n.1 (S.D. Tex. Nov. 12, 2014).

Indeed, contrary to Bernardy's claims, both videographic costs and stenographic transcription costs are recoverable where, at the time of deposition, it was reasonable to believe that the video would be necessary at trial for impeaching a witness. S*ee Royall v. Enter. Prods. Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *3 (March 17, 2021); *see also Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Based on the facts of this case, the court agrees Shriners "acted reasonably in assuming that a videotaped deposition of Bernardy would be useful, since it could have been used to powerful effect at trial for the purposes of impeachment." Dkt. 29 at 5.

The invoice also lists costs for digitizing and transcript synchronization, electronic access, media and cloud services, and "Exhibits - Linked (LEF, PTZ, XMEF, SBF)." Other courts in this district have declined to award video-synchronization charges or handling fees.[3] As Shriners has not attempted to distinguish its synchronization and electronic-access costs from other costs typically disallowed in this district, the court does not award them. As for the remaining ambiguous items—media and cloud services and

---

[3] *Richards*, 2019 WL 6682079, at *4–5; *Vital v. Varco*, No. CV H-12-1357, 2015 WL 7740417, at *3 (S.D. Tex. Nov. 30, 2015), *aff'd sub nom. Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355 (5th Cir. 2017); *Oldham v. Thompson/Center Arms Co.*, No. 4:12-cv-2432, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014).

"Exhibits — Linked"—the court cannot, on the record provided, determine whether they were necessarily obtained for use in the case.[4]

Accordingly, Bernardy's objection is overruled in part and sustained in part, reducing the award for this invoice to the first two fees totaling $760.00.

## B. Third-Party Record-Retrieval Fees

The invoices for record-retrieval fees list the following charges:

| Description | Amount |
|---|---|
| Invoice for Records (Dr. Jack Janoe) | $53.00 |
| Invoice for Records #2 (Dr. Jack Janoe) | $117.00 |
| Invoice for Records (TWC) | $111.10 |
| Invoice for Records #2 (TWC) | $20.20 |
| Record Services (SSA) | $125.00 |
| Record Services (IRS) | $250.00 |
| **Total** | $675.20[5] |

Bernardy objects to Shriners' bill of costs for recorded subpoenas to obtain documents from her treating physician (Dr. Jack Janoe), the Social Security Administration, the Texas Workforce Commission, and the IRS

---

[4] Shriners' conclusory representation that electronic and remote platform deposition costs "were necessary for the deposition to be conducted in accordance with the specific request by Bernardy that her deposition proceed via remote means," Dkt. 29 at 5–6, is insufficient. The listed charges appear to be possibly duplicative and the court is not confident that they were necessarily incurred.

[5] The court uses $675.20 as the sum as it is taken from the bill of costs and the itemization, Dkts. 26; 27-2 at 1, despite it differing from the actual sum from the invoices of $676.30.

because Shriners has failed to show they were necessary to obtain their favorable judgment. Dkt. 28 at 10.

Shriners responds that such records are taxable under § 1920 if the expenses appeared reasonably necessary at the time incurred. Dkt. 29 at 6; *Fogleman*, 920 F.2d at 286; *see also* 10 Wright & Miller, Fed. Prac. & Proc. Civ. § 2677 (4th ed. April 2021 Update) ("[Section 1920(4)] gives substantial discretion to the court and enables it to allow the reimbursement of a variety of trial-connected expenses."). The court agrees as to the medical and TWC costs, as Bernardy put both her medical records and TWC's records at issue by virtue of her employment-discrimination suit and disability-discrimination claim.  As for the SSA and IRS record-retrieval fees, to the extent Shriners claims they were necessary, it is because Bernardy "put her income at issue by making a claim for economic damages." Dkt. 29 at 7. This line of argument would be more convincing if Bernardy had not already agreed on January 6, 2021, to provide her tax returns and social security authorizations before Shriners paid to retrieve the records on January 26, 2021. Dkts. 27-1 at 13; 29-1 at 2. Because Shriners does not explain why these fees should still be considered necessarily obtained for use in the case, they are disallowed.

Accordingly, Bernardy's objection is overruled in part and sustained in part, reducing the award for this invoice to the first four fees totaling $301.30.

\* \* \*

As provided above, the court sustains in part and overrules in part Bernardy's objections. In total, the court orders that Shriners recovers from Bernardy $2,788.55.

Signed on Galveston Island this 25th day of May, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE