United States District Court
Southern District of Texas
**ENTERED**
July 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARY BERNARDY, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-165 |
| | § | |
| SHRINERS HOSPITAL FOR | § | |
| CHILDREN, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On May 25, 2022, the court overruled in part and sustained in part Bernardy's objections in awarding Shriners Hospital costs. In total, the court ordered that Shriners recover from Bernardy $2,788.55. Dkt. 30. Bernardy now moves to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24; Dkt. 34.

District courts enjoy discretion to grant pauper status to qualifying litigants in civil cases. Fed. R. App. P. 24; *see Baugh v. Taylor*, 117 F.3d 197, 200 (5th Cir. 1997). Title 28, United States Code, § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith" is judged on an objective standard and requires the applicant to demonstrate that she seeks appellate review of any nonfrivolous issue. *Coppedge v. United States*, 369

U.S. 438, 445 (1962). Determining the existence of a non-frivolous issue on appeal necessitates an inquiry into the merits, but "does not require that probable success be demonstrated[,]"*Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985), only that there are "legal points arguable on their merits[.]" *Anders v. California*, 386 U.S. 738, 744 (1967).

In her application to appeal *in forma pauperis*, Bernardy lists two issues:

(1) Whether the Court's award of costs for TWC and medical records was an abuse of discretion because such costs were not "necessarily obtained for use in the case" and instead were "merely for discovery."

(2) Whether the Court abused its discretion in finding that Defendant "acted reasonably in assuming that a videotaped deposition of Bernardy would be useful, since it could have been used to powerful effect at trial for the purposes of impeachment" where Defendant failed to explain why it was necessary to obtain both a videotaped and transcribed copy of Plaintiff's deposition.

Dkt. 34 at 3–4.

As to Issue One, the court taxed costs of $301.30 from requested costs of $675.20, finding that Shriners' requested fees for record services from the SSA and IRS were unnecessary because Bernardy had previously agreed to provide her tax returns and social security authorizations before Shriners paid to retrieve the records. Dkt. 30 at 9. The remaining fees were for Bernardy's personal doctors and her records at the Texas Workforce

Commission. *Id.* It is difficult to understand Bernardy's argument that in an employment- and disability-discrimination suit, her records pertaining to these exact issues would be anything but germane.

Moreover, Bernardy's cite to *Rundus v. City of Dallas*, 634 F.3d 309, 316 (W.D. Tex. 2015), provides no support for her proposition. Dkt. 34 at 3. As the *Rundus* court ultimately held in finding the trial court did not abuse its broad discretion in assessing copying costs against the losing party, "such costs are [still] recoverable if the party making the copies has a reasonable belief that the documents will be used 'during trial or for trial preparation.'" *Id.* (quoting *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir. 1991)). Shriners clearly made that showing with their brief. Dkt. 29 at 6–7.

On Issue Two, the court taxed costs of $760.00 from requested costs of $1,520, disallowing half of the fees—for exhibits, media and cloud services, electronic access, and synchronization services—for lack of justification as being "necessarily incurred." Dkt. 30 at 6–8. The remaining taxed costs for the videotaped deposition are clearly authorized by Fifth Circuit case law where at the time of deposition it was reasonable to believe that the video would be necessary at trial or for trial preparation. *Fogleman*, 920 F.2d at 285; *Royall v. Enter. Prod. Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *3 (S.D. Tex. Mar. 17, 2021) (finding prevailing party's explanation that it

recorded deposition in anticipation of attacking credibility of witness and for impeachment to be reasonable in awarding costs); *Petri v. Kestrel Oil & Gas Properties, L.P.*, No. CIV.A. H-09-3994, 2013 WL 265973, at *8 (S.D. Tex. Jan. 17, 2013) ("The videotape might reasonably be useful to address a witness' credibility or to impeach at trial."); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) ("[I]t cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication.""); *Nilesh Enterprises, Inc. v. Laws. Title Ins. Corp.*, No. SA-08-CV-661-XR, 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs.").

Shriners clearly enunciated the rationale for costs: Bernardy's was the only deposition taken in the case and it was inherently necessary for Shriners' defense because it is a key impeachment tool. Dkt. 29 at 3. "Here, the truth or falsity of Bernardy's testimony, as the sole plaintiff in this case, was anticipated to be of key importance." Dkt. 29 at 5. Instead of addressing this contention head-on, Bernardy labels Shriners' argument as boilerplate and cites to cases that are clearly distinguishable from this single plaintiff,

single deposition employment- and disability-discrimination suit in which Bernardy's credibility was of preeminent importance. Dkt. 34 at 4.

Because Bernardy's listed issues on appeal are plainly frivolous, the court certifies under 28 U.S.C. § 1915(a)(3) that any appeal in this matter by the plaintiff would not be taken in good faith. Bernardy's application to proceed on appeal *in forma pauperis* is accordingly denied.

Signed on Galveston Island this 7th day of July 2022.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE